IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stewart Swanston,<br><br>       Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>       Defendant. | No. CV 05-3443-PHX-JAT (HCE)<br><br>**REPORT AND RECOMMENDATION** |

On October 27, 2005, Plaintiff, who was at that time incarcerated at the Durango Jail in in Phoenix, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.

A.     RETURNED MAIL

On March 23, 2006, the Court entered an order directing, *inter alia,* the Clerk of Court to mail a service packet to Plaintiff and directing Plaintiff to return the completed service packet to the Court within twenty days.  The  order and service packet were mailed by the Clerk of Court to Plaintiff at his last known address of record at the Maricopa County Jail on March 23, 2006.  On March 27, 2006, the envelope containing the March 23, 2006 Order and service packet was returned to the Clerk of Court because Plaintiff has been "release[d]."  The docket reflects that "Research conducted, no alternative address located." (March 27, 2006 docket entry)

Plaintiff has not filed a Notice of Change of Address nor has Plaintiff filed any other document notifying the Court of his whereabouts and/or that he intends to prosecute this action. Plaintiff has filed no documents in this action since October 27, 2005.

Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District of Arizona, requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

In the Notice of Assignment, sent to Plaintiff on October 28, 2005, the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Id.).

B.     FAILURE TO PROSECUTE

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." The U.S. Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to

require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address or to actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show cause why dismissal... [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

C.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court

dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-3443-PHX-JAT.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 14th day of April, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge